## The Jacksonville National Bank

*v.*

### Sarah G. Beesley, impleaded, etc.

*Filed at Springfield November 25, 1895.*

1. TRUSTS—*when resulting trust will be raised.* A resulting trust is never raised unless the money of the *cestui que trust* was used in the purchase of the property in which the trust is claimed to exist.

2. SAME—*furnishing of purchase money to raise resulting trust must be clearly proved.* An alleged loan of the whole or a part of the purchase money to one who purchases property and takes a deed in his own name, must be clearly and satisfactorily established to create a resulting trust in favor of another.

3. SAME—*acts which will not raise a resulting trust.* The mere fact that there was an arrangement between husband and wife, prior to the purchase of land by the former, that the latter was to become a joint owner in case she could dispose of her separate real estate, is insufficient to raise a resulting trust.

4. SAME—*resulting trust not raised by contract—subsequent furnishing of funds.* A resulting trust is not created by contract, but by implication of law apart from contract; and it cannot be created by furnishing funds subsequently to the purchase.

5. SAME—*effect of making of second payment as bearing upon resulting trust.* A parol agreement, before the purchase of land by a hus-

band, that his wife should make the second payment if she could
sell certain property, and should share in the profits of the ven-
ture, will not establish a resulting trust in her favor, where it does
not appear that the first payment by the husband was to be consid-
ered a loan to the wife.

6. STATUTE OF FRAUDS—*parol agreement for interest in land is within.*
The making of the second payment by a wife upon lands purchased
by her husband, in pursuance of a parol agreement entered into
before the purchase was made, will not establish an express trust,
where the Statute of Frauds is pleaded.

7. EVIDENCE—*who holds burden of establishing a resulting trust.* The
burden of proof is upon one seeking to establish a resulting trust,
that the alleged *cestui que trust* paid the purchase price.

WRIT OF ERROR to the Circuit Court of Morgan
county; the Hon. CYRUS EPLER, Judge, presiding.

MORRISON & WORTHINGTON, for plaintiff in error:

A resulting trust must arise, if at all, at the time of
the execution of the conveyance, and when the legal title
vests in the grantee.     *VanBuskirk* v. *VanBuskirk*, 148 Ill.
19; *Reed* v. *Reed*, 135 id. 482; *Stephenson* v. *McClintock*, 141
id. 604; Perry on Trusts, sec. 133.

It is not created by contract, but by implication of law
apart from contract.     Perry on Trusts, sec. 134; *Donlin* v.
*Bradley*, 119 Ill. 412; *Sheldon* v. *Harding*, 44 id. 68; *Stephen-
son* v. *Thompson*, 13 id. 186; *Perry* v. *McHenry*, id. 227; *Van-
Buskirk* v. *VanBuskirk, supra.*

To establish a resulting trust, such as is claimed here,
the evidence must be full, clear and satisfactory.     *Towle*
v. *Wadsworth*, 147 Ill. 80; *Lantry* v. *Lantry*, 51 id. 458.

It should be so convincing as to leave no reasonable
doubt in the mind of the court.     *Reeve* v. *Strawn*, 14 Ill. 94.

It is true, the resulting trust may be made out by
evidence of statements or admissions; but in such cases
the evidence must be very clear.     *Mahoney* v. *Mahoney*, 65
Ill. 406; *Corder* v. *Corder*, 124 id. 231.

The object of the rule is to give stability to titles.
The evidence is always received with caution.     *Reed* v.
*Reed*, 135 Ill. 491.

JOHN A. BELLATTI, and W. P. CALLON, for defendant in error:

A resulting trust arises in favor of a wife whose husband induces her to allow him to sell her land and to use the money in the purchase of other land, where he takes title in his own name. *Pritchard* v. *Wallace*, 4 Sneed, 405.

If the husband, in such case, takes title in his own name, under an oral agreement to hold the same for the wife, a resulting trust arises. *Tilford* v. *Torrey*, 53 Ala. 120; *Radcliff* v. *Radford*, 96 Ind. 482.

The trust arises whether the payment be made before or after the purchase, the essence being the purchase with trust funds. *Lehman* v. *Lewis*, 62 Ala. 129.

Such payment should be made at the time of the purchase, or provision made therefor. 10 Am. & Eng. Ency. of Law, 48.

Where title is taken to the husband under an oral contract, the trust is nevertheless valid. *Newton* v. *Taylor*, 32 Ohio St. 399; *Goldsbury* v. *Gentry*, 92 Ind. 193.

Mr. JUSTICE CARTER delivered the opinion of the court:

The questions in this case arise on the cross-bill filed by Sarah G. Beesley in the suit for foreclosure of a mortgage, brought in the circuit court of Morgan county, September 25, 1894, by Edward P. Kirby, as administrator of the estate of Ceres C. Taylor, deceased. Kirby, as such administrator, sold certain lands described in the bill to Benjamin F. Beesley, April 20, 1889, for $8100, and conveyed the same to Beesley by administrator's deed. Beesley paid $2700 cash at the time of the sale, and gave two notes, each for the sum of $2700, due in six and twelve months, respectively, with six per cent interest. Sarah G. Beesley joined in the execution of the notes, and Beesley at the same time executed the mortgage sought to be foreclosed, upon the premises, to secure their payment. A payment of $2500 was made by Beesley to Kirby on October 28, 1890, and Mrs. Beesley alleged in her cross-

bill, that in pursuance of an agreement made with Beesley prior to the purchase of the premises, she, out of her own separate property, contributed the sum of $2500 to make this second payment for said land, and that she was a joint purchaser and joint owner with Beesley of said premises; that the deed was made to Beesley for convenience, and she insists that a resulting trust arose in her favor, and she demands that whatever decree may be entered ordering a sale of said premises to satisfy the demands of complainant Kirby, shall also declare the amount she shall be entitled to have out of the residue as part owner, and that her estate of dower and homestead be provided for in the remainder. Benjamin F. Beesley died intestate July 14, 1892, and his widow, said Sarah G. Beesley, was appointed administratrix of his estate and is still acting in that capacity.

The Jacksonville National Bank was permitted to appear in the case as a creditor of the estate of B. F. Beesley, deceased, and it filed its answer to the cross-bill of Sarah G. Beesley, denying that she paid any part of the purchase money for said lands out of her separate property, and denied that any resulting trust had arisen out of the transaction concerning the purchase of the real estate in favor of Mrs. Beesley.

Upon a hearing had before the court, the court found that the sum of $2500 paid by B. F. Beesley was furnished by Sarah G. Beesley out of her separate funds, pursuant to an agreement made between her and her husband prior to the conveyance of the land to Beesley by Kirby, whereby it was agreed that said Sarah G. Beesley should become joint purchaser and joint owner with her husband of said real estate.  The court also found that after the mortgage was satisfied Mrs. Beesley was entitled to $\frac{25}{41}$ of the property or of the proceeds of a sale, not to exceed, however, $2500, and that she was entitled to homestead and dower in the remainder, and entered a decree in accordance with such findings.

The testimony was taken in open court, and the chancellor who rendered the decree had an opportunity to see the witnesses and hear them testify, and was thus in a position to judge of their relative fairness, candor and credibility, and from this fact a strong presumption is raised in favor of the findings of the decree, so far as they relate to questions upon which the evidence is conflicting, and we are not disposed to disturb the finding of the chancellor that the $2500 paid by B. F. Beesley on October 28, 1890, to Edward P. Kirby, as part of the purchase money for said real estate, was contributed by Sarah G. Beesley from her individual funds. The question to be determined is, whether or not a resulting trust arose, by operation of law, from the whole transaction, in favor of Sarah G. Beesley, which would entitle her to a share of the real estate, or to a share of the proceeds of a sale of the same, conceding that said second payment of $2500 was made from money furnished by her under the agreement, as alleged.

Counsel for Sarah G. Beesley, defendant in error, state in their argument that the testimony shows that the first payment was made out of money put into the fund by Beesley, and the second payment was made out of money realized from the sale of property put into the fund by Mrs. Beesley—all done pursuant to previous agreement. Counsel then contend, that while the first payment was made with money that was furnished by Beesley, yet it was made in part for himself and in part for Mrs. Beesley, just as the second payment was made out of the proceeds of sale of the property contributed by Mrs. Beesley, all pursuant to previous arrangement, and that the agreement was, in effect, that Beesley should advance or loan her part of the first payment and she should pay it back by paying his part of the second payment.

The evidence in regard to the transaction shows that Mrs. Beesley concluded to become a joint owner of the property if she could sell certain real estate which she

claimed to own as her individual property, and the evidence further shows that her property was not sold until August 3, 1889, and only $300 was then paid in cash, the balance being in notes, which were sold for $2234 in October, 1890,—eighteen months after the sale by Kirby to her husband of the property in question. And it nowhere appears in the record that any witness testified that an arrangement was made whereby one-half, or any other portion, of the money furnished by B. F. Beesley was a loan to his wife and paid as her money. Such a trust is never raised unless the money of the *cestui que trust* was used in the purchase of the property in which the trust is claimed to exist. (*Holmes* v. *Holmes,* 44 Ill. 168; *Towle* v. *Wadsworth,* 147 id. 80; *Wallace* v. *Carpenter,* 85 id. 590.) An alleged loan of the whole or a part of the purchase money by one who purchases property and takes a deed in his own name must be clearly and satisfactorily established, so that a resulting trust shall arise in favor of another. (*VanBuskirk* v. *VanBuskirk,* 148 Ill. 9; *Koster* v. *Miller,* 149 id. 195; *Reeve* v. *Strawn,* 14 id. 94.) The mere fact that there was an arrangement made, prior to the purchase of the property, that Mrs. Beesley was to become a joint owner of the premises in case she could dispose of her real estate, is insufficient to bring the case within the rule that to raise a resulting trust in one's favor he must furnish the consideration money, or some aliquot part thereof, as part of the original transaction, at the time the purchase was made. (*Perry* v. *McHenry,* 13 Ill. 227.) The burden of proof is upon the party seeking to establish the trust, and he must prove that the alleged *cestui que trust* paid the purchase price. *VanBuskirk* v. *VanBuskirk, supra;* 10 Am. & Eng. Ency. of Law, 29.

The testimony further shows that Mrs. Beesley was suggested by Beesley as security on the two notes given by him for the deferred payments of the purchase money, when security was asked for, and that the notes were taken away by him after being assured that his wife's

name on them would be sufficient, and that he afterwards returned them signed by her. It further appears that she had filed her claim for said $2500 against Beesley's estate, but she testifies that she was ignorant of the law, and so filed her claim under the advice of counsel then acting for her. But taking the view of the testimony most favorable to her, it appears that there was a parol agreement between Beesley and his wife, prior to the purchase of the property in question, that Mrs. Beesley should furnish the money to meet the second payment on the land, provided she could sell certain property owned separately by her, and that she should share in the profits when a sale of the property purchased from Kirby should be made. Such a transaction would not establish a resulting trust for the benefit of one making the second payment, for there is nothing in it from which the conclusion can be drawn that it was part of an arrangement whereby any portion of the first payment by Beesley was to be considered as a loan to Mrs. Beesley. The case is, in this respect, very different from *Towle* v. *Wadsworth, supra.* A resulting trust does not spring from the contract or agreement of the parties, but from their acts. It is not created by contract, but by implication of law apart from contract. (*VanBuskirk* v. *VanBuskirk, supra.*) Such an agreement, followed by the payment of the money contemplated by it, might be sufficient to establish an express trust; but where the Statute of Frauds is pleaded, as in this case, such a trust cannot be established without a writing. "The funds must be advanced and invested at the time the purchase is made. A resulting trust can not be created by funds subsequently furnished. It is not possible to raise such a trust by the subsequent application of the money of a third person in satisfaction of the unpaid purchase money." (*Reed* v. *Reed,* 135 Ill. 482, on p. 487.) "No oral agreements, and no payments before or after the title is taken, will create a resulting trust, unless the transaction is such, at the moment the title

passes, that a trust results from the transaction itself." *Stephenson* v. *McClintock*, 141 Ill. 604, on p. 611.

It follows from what has been said, taking the facts as testified to by appellee Sarah G. Beesley and her witnesses, that no resulting trust arose in her favor. We are of the opinion that the learned chancellor of the circuit court erred in the decision of the case in that court in the respect mentioned, and the decree will accordingly in that respect be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed and remanded.*